DISTRICT OF OREGON

**F I L E D**

**June 09, 2010**

**Clerk, U.S. Bankruptcy Court**

Below is an Order of the Court.

RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

|  |  |
|---|---|
| In re | ) Case No._____ |
|  | ) |
|  | ) ORDER, DRAFTED ON:_____, |
|  | ) RE: RELIEF FROM (Check ALL that apply): |
|  | )    DEBTOR STAY      CODEBTOR STAY |
|  | ) CREDITOR:_____ |
| Debtor(s) | ) CODEBTOR:_____ |

The undersigned, _____, whose address is _____
_____, Email address is _____,
Phone No. is _____, and any OSB # is _____, presents this Order based upon:

The completed Stipulation of the parties located at the end of this document.

The oral stipulation of the parties at the hearing held on _____.

The ruling of the court at the hearing held on _____.

Creditor certifies any default notice required by pt. 5 of the Order re: Relief from Stay entered on _____ was served, and that debtor has failed to comply with the conditions of that order.

Creditor certifies that no response was filed within the response period plus 3 days to the Motion for Relief from Stay that was filed on _____ and served on _____.

**IT IS ORDERED** that, except as provided in pt. 4 below, the stay existing pursuant to 11 USC §362(a) shall remain in effect as to the property described below (hereinafter "the property"):

Personal property described as (e.g., 2001 Ford Taurus):

Real property located at (i.e., street address):

[Optional UNLESS In Rem Relief Granted]  Exhibit A attached hereto is the legal description of the property.

720.90 (12/1/09)    **Page 1 of  3**

**IT IS FURTHER ORDERED** that the stay is subject to the conditions marked below:

1. **Regular Payment Requirements**.

   a. Debtor(s) shall deliver regular monthly payments in the amount of $_____ commencing _____ to Creditor at the following address:

   b. The Chapter 13 trustee shall immediately pay and disburse to Creditor the amount of $_____ per month from funds paid to the trustee by Debtor(s), and continue each month until the plan is confirmed, at which time the plan payment terms shall control.  Payments made by the trustee under this order shall be deemed to be payments under the plan for purposes of the trustee's collection of percentage fees.

   c. Debtor(s) shall pay to the trustee any and all payments required to be paid under the terms of the Chapter 13 plan.

2. **Cure Payment Requirements**.  Debtor(s) shall cure the post-petition default of $_____ consisting of

   (e.g., $\_\_\_\_\_ in payments and $\_\_\_\_\_ in late charges for April - June, 2002), as follows:

   a. In equal monthly installments of $_____ each, commencing _____ and continuing thereafter through and including _____.

   b. By paying the sum of $_____ on or before _____, and the sum of $_____ on or before _____.

   c. Other (describe):

3. **Insurance Requirement(s)**.  Debtor shall maintain insurance on the property at all times as required by the security agreement, naming _____ as the loss payee.

   On or before _____ Debtor(s) shall provide counsel for Creditor with proof of insurance.

4. **Stay Relief and Codebtor Stay Relief without Cure Opportunity**.

   a. Upon default in the conditions in pt(s). _____ Creditor may file and serve a certificate of non-compliance specifying the default, together with a proposed order terminating the stay to allow Creditor to foreclose on, and obtain possession of, the property, which the Court may grant without further notice or hearing.

   b. The stay is terminated to allow Creditor to foreclose on, and obtain possession of, the property provided that a foreclosure sale shall not occur prior to _____.

   c. Creditor is granted relief from stay effective _____ to foreclose on, and obtain possession of, the property.

   d. Creditor is granted relief from stay to foreclose on, and obtain possession of, the property.

   e. If a Creditor with a senior lien on the property is granted relief from stay, Creditor may file and serve a certificate identifying the senior lien holder and a proposed order terminating the stay, which the Court may grant without further notice or hearing.

   f. Creditor is granted relief from stay to _____.

   g. Creditor is granted "in rem" relief from stay with respect to the real property described above and in Exhibit A.  This order shall be binding in any other case filed under 11 USC purporting to affect such real property filed not later than two (2) years after the date of the entry of this order unless the bankruptcy court in the subsequent case grants relief from this order.  Any governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this order for indexing and recording.

    h. Creditor is granted relief from the codebtor stay, as it applies to the codebtor(s) named in the caption above, to enforce the terms of the contract and collect the deficiency balance.

5. **Stay Relief with Cure Opportunity**. Upon default in the checked condition(s) in pt(s). 1 - 3, Creditor shall serve written notice of default on ____ Debtor(s) and ____ Attorney for Debtor(s) that gives Debtor(s) _____ calendar days after the mailing of the notice to cure the default. If Debtor(s) fails to cure the default in accordance with this paragraph, then Creditor shall be entitled to submit a proposed order terminating the stay, which the Court may grant without further notice or hearing.

    a. The notice of default may require that Debtor(s) make any payment(s) that becomes due between the date the notice of default is mailed and before the cure deadline.

    b. The notice of default may require Debtor(s) to pay $_____ for the fees and costs of sending the notice.

    c. Only _____ notices of default and opportunity to cure are required per ____ year (calculated from date of entry of this order), ____ during the remainder of this case, or ____ (describe):

6. **Amended Proof of Claim**. Creditor shall file an amended proof of claim to recover all accrued post-petition attorney fees and costs and (describe):

7. **Miscellaneous Provisions**.

    a. If Creditor is granted relief from stay, the 14-day stay provided by Fed. Rule Bankr. Proc. 4001(a) shall be waived.

    b. Any notice that Creditor's counsel shall give to Debtor(s)/Codebtor, or attorney for Debtor(s)/Codebtor, pursuant to this order shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 USC §1692.

8. A final hearing on Creditor's motion for relief from stay shall be held on _____ at _____ in _____.

9. Other:

**PRESENTED, AND CERTIFIED, BY:**          ###

_____

IT IS SO STIPULATED:

Creditor's Attorney:                               Debtor(s)'s Attorney:

_____        _____

Name: _____        Name: _____

OSB#: _____        OSB#: _____

NO OBJECTION TO ORDER BY CASE TRUSTEE:        Codebtor's Attorney:

By:_____

                                     _____

                                   Name: _____

                                   OSB#: _____

JESSE A. P. BAKER, OSB No. 100017
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385

Attorney for    AURORA LOAN SERVICES, LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 10-33366-rld13 |
| BRIAN GEORGE WALISER , | LIST OF INTERESTED PARTIES TO BE SERVED WITH COPY OF ORDER |
| Debtor(s). | |

Pursuant to LBR 9021, the following parties should be served a copy of the ORDER RE:

RELIEF FROM STAY CO-DEBTOR STAY OF AURORA LOAN SERVICES, LLC

Brian George Waliser
6955 NE Sacramento St
Portland, OR 97213-4755

Brian D. Lynch
1300 SW 5th #1700
Portland, OR 97201

Department of Justice
620 SW Main St #213
Portland, OR 97205

Michelle Harrison
6955 N E Sacramento Street
Portland, OR 97213

1  JESSE A. P. BAKER, OSB No. 100017
   PITE DUNCAN, LLP
2  4375 Jutland Drive, Suite 200
   P.O. Box 17933
3  San Diego, CA 92177-0933
   Telephone: (858) 750-7600
4  Facsimile:  (619) 590-1385

5  Attorneys for  AURORA LOAN SERVICES, LLC

6

7

8

9              UNITED STATES BANKRUPTCY COURT

10                  DISTRICT OF OREGON

11 | In re                          | Case No. 10-33366-rld13 |
12 | BRIAN GEORGE WALISER ,          | Chapter 13 |
13 |            Debtor(s).           | NOTICE REGARDING ATTORNEYS' FEES AND COSTS CLAIM |
14

15         Pursuant to General Order 97-1(b)(2), Aurora Loan Services, LLC ("Movant"),

16  hereby provides notice that post-petition attorneys' fees and costs in the sum of $800.00 have been

17  incurred and added to the Movant's secured claim. Interest, if any, will be charged in accordance

18  with the terms of the Note and Deed of Trust.  Movant does not request that the above-referenced

19  attorneys' fees and costs be paid by the Trustee.

20  Dated: June 2, 2010                    PITE DUNCAN, LLP

21

22                                  /s/ JESSE A. P. BAKER, OSB No. 100017
                                    Attorneys for AURORA LOAN SERVICES, LLC

23

24

25

26

27

28